UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 1 2 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

STEVEN WHITSON )
    Plaintiff, )
)
vs. ) Civil Action No. 11-3080
)
)
TURNING POINT CAPITAL, INC. )
and DOES 1-10, inclusive, )
    Defendants, )
)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, STEVEN WHITSON, by and through his attorney, Kevin J. Buckley, Jr. of the CONSUMER RIGHTS LAW FIRM, PLLC, and for his Complaint against the Defendant, TURNING POINT CAPITAL, INC. and DOES 1-10, Plaintiff states as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Steven Whitson, an individual consumer, against Defendant, Turning Point Capital, Inc. and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3. Because Defendant conducts business in Western District of Arkansas, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this District is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

### III. *PARTIES*

7. Plaintiff, Steven Whitson (hereinafter "Plaintiff"), is an adult individual who was at all relevant times was residing in Cotter, Baxter County, State of Arkansas.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Upon information and belief the Defendant, Turning Point Capital, Inc. (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 170 Northpointe Parkway, Suite 700, Buffalo, Erie County, New York 14228.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

14. Does 1-10 (hereinafter the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identifies are disclosed through discovery.

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

16. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

19. On July 15, 2011, Defendant, in connection with the collection of an alleged debt, communicated with the Plaintiff by leaving a voicemail communication for Plaintiff on Plaintiff's wife's cellphone.

20. Upon information and belief, this voicemail communication was not the initial communication between the Parties and therefore a subsequent communication.

21. In the voicemail communication an employee of the Defendant who identified himself as 'Mr. Dyson' left a message in which the employee refers to a 'matter,' in his, 'office.'

22. At no time in the voicemail communication did Mr. Dyson disclose that the communication was from a debt collector.

23. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

25. The natural consequences of Defendant's statements and actions were to harass Plaintiff into making a payment on the alleged debt.

## *SUMMARY*

26. All of the above-described collection communications made to Plaintiff by each individual defendant and other collection employees employed by Defendant, including but not limited to all of the provisions of the FDCPA cited herein.

27. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

28. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

29. Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *RESPONDEAT SUPERIOR LIABILITY*

30. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Turning Point Capital, Inc.

31. The Acts and omissions by these individual Defendants and there other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant, Inc. in collecting consumer debts.

32. By Committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant.

33. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempt to collect this debt by communicating with Plaintiff.

## V. *CAUSES OF ACTION*

### *COUNT I*

### *VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.*

34. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

35. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (c) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

   (d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in any communications subsequent to the initial communication that said

subsequent communication is from a debt collector; without said subsequent communication being a formal pleading made in connection with a legal action.

36. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from each Defendant herein.

## COUNT II

### VIOLATIONS OF ARKANSAS A.C.A. § 4-88

### THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

38. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

39. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute unfair and deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices act, as defined by A.C.A. § 4-88-101 *et seq.*

40. The Defendants willfully and knowingly engaged in conduct constituting deceptive trade practices in violation of A.C.A. § 4-88-107.

41. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

42. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages together with reasonable attorney fees. A.C.A. § 4-88-113(f).

## *COUNT III*

### *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

43. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

45. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

46. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

47. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

48. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

49. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

50. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment each Defendant's conduct violated the FDCPA.

B. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Actual damages from each Defendant pursuant to A.C.A. § 4-88-113(f).

E. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A § 4-88-113(f).

F. Punitive damages in such amount as is found appropriate.

G. For Such other and further relief as the Court may deem just and proper.

## VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Steven Whitson, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: September 7, 2011

**CONSUMER RIGHTS LAW FIRM, PLLC**

*Kevin J. Buckley, Jr., Esq.*

Kevin J. Buckley, Jr., Esq.
ARWD Bar No. 674594
2 Dundee Park, Suite 201
Andover, MA 01810
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
Attorneykevinb@consumerlawfirmcenter.com
**ATTORNEY FOR PLAINTIFF**